# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

___

JONATHON JONES,

    Petitioner,

v.                                                 Case No. 18-13387

GREG SKIPPER,

    Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, GRANTING A CERTIFICATE OF APPEALABILITY, AND GRANTING PERMISSION TO APPEAL IN FORMA PAUPERIS**

Jonathon Jones, ("Petitioner"), a Michigan Department of Corrections prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner challenges his 2012 Saginaw Circuit Court jury trial convictions of first-degree murder, Mich. Comp. Laws § 750.316, conspiracy to commit first-degree murder, Mich. Comp. Laws § 750.157(a), assault with intent to murder, Mich. Comp. Laws § 750.83, discharging a firearm at a dwelling, Mich. Comp. Laws § 750.234(b), carrying a dangerous weapon with unlawful intent, Mich. Comp. Laws § 750.226, and five counts of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227(b). The habeas petition raises four claims: (1) insufficient evidence was presented to sustain Petitioner's murder conviction, (2) Petitioner was denied the effective assistance of counsel, (3) Petitioner was shackled during trial, and (4) the prosecutor improperly elicited hearsay testimony.

The case is before the court on Respondent's motion to dismiss. (ECF No. 12.) Respondent asserts that the petition was filed after expiration of the one-year statute of limitations period. Petitioner filed a response to the motion, arguing that he is entitled to equitable tolling because his legal papers were mistakenly confiscated by the Michigan Department of Corrections shortly before the period of limitations ran. (ECF No. 14.)

Even assuming the truth of Petitioner's allegations regarding his legal papers, the court will grant Respondent's motion and dismiss the case. Petitioner failed to comply with the one-year limitations period under 28 U.S.C. §2244(d) and he has failed to demonstrate entitlement to equitable tolling. The court will, however, grant Petitioner a certificate of appealability and permission to appeal in forma pauperis.

## I. BACKGROUND

Petitioner was convicted on December 7, 2011. He filed an appeal of right with the Michigan Court of Appeals, raising what now form his first two habeas claims. On July 15, 2014, the Michigan Court of Appeals affirmed. *People v. Jones*, No. 308929, 2014 WL 3527796 (Mich. Ct. App. Jul. 15, 2014). The Michigan Court of Appeals reissued its opinion on January 8, 2015. *People v. Jones*, No. 308929, 2015 WL 122703 (Mich. Ct. App. Jan. 8, 2015). Petitioner filed an application for leave to appeal to the Michigan Supreme Court, but it was denied by form order on March 3, 2015. *People v. Jones*, 497 Mich. 972, 859 N.W.2d 696 (2015). The time for Petitioner to file a petition for writ of certiorari in the United States Supreme Court expired 90 days later, on June 1, 2015.

Over ten months later, on March 24, 2016, Petitioner filed a pro se motion for relief from judgment in the trial court. (ECF No. 13-1, PageID.71.) The trial court denied the motion on January 13, 2017. (ECF No. 13-14.). Petitioner filed a delayed application for

leave to appeal in the Michigan Court of Appeals. On November 15, 2017, the Michigan Court of Appeals denied the application in a standard order. (ECF No. 13-17, PageID.841.) On January 11, 2018, Petitioner filed an application for leave to appeal in the Michigan Supreme Court. (ECF No. 13-19, PageID.899.)

On May 15, 2018, while his application was pending in the Michigan Supreme Court, Petitioner's cellmate was transferred to administrative segregation, and Petitioner's legal papers were mistakenly removed from the cell with his cellmate's belongings. Petitioner filed grievances starting on June 11, 2018, but records seem to indicate that his legal papers were never returned.

On July 27, 2018, Petitioner's application for leave to appeal was denied by the Michigan Supreme Court by form order. *People v. Jones*, 502 Mich. 938, 915 N.W.2d 460 (2018).

On about October 20, 2018, Petitioner wrote a letter to the Clerk of the Court, complaining about the loss of his legal papers and requesting assistance in filing his habeas petition. The Clerk sent Petitioner a form petition. Then, on October 25, 2018, Petitioner signed and dated his habeas petition, and it was subsequently filed with the court on October 30, 2018. (ECF No. 1.) Petitioner also filed on that date a motion to stay his petition, asserting that he had additional claims to exhaust in the state courts and asserting that his legal records had been mistakenly lost by the Department of Corrections. (ECF No. 3.)

The court granted the motion to stay. (ECF No. 9.) After failing to obtain relief in the state courts, Petitioner's case was reopened on April 4, 2019. Respondent

subsequently filed its motion to dismiss, and Petitioner's response to that motion is contained in his "amended petition," filed on August 19, 2019. (ECF Nos. 12, 14.)

## II. STANDARD

Though Respondent styles his motion as a motion to dismiss, it is properly construed as one of summary judgment. The motion and the record before the court includes documents outside of the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010) (quoting Fed. R. Civ. P. 12(d)) ("The federal rules require that if, in a 12(b)(6) motion to dismiss, 'matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.'")

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed R. Civ. P. 56(a). In considering a motion for summary judgment, the court will construe all facts in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 578 (1986). There are no genuine issues of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id.* at 599. If the movant carries its burden of showing an absence of evidence to support a claim, then the non-movant must demonstrate by affidavits, depositions, answers to interrogatories and admissions that a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-325 (1986). This standard of review may be applied to habeas proceedings. *Redmond v. Jackson*, 295 F.Supp. 2d 767, 770 (E.D. Mich. 2003).

## III. DISCUSSION

There is a one-year statute of limitation for petitions filed by state prisoners seeking federal habeas relief. 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, the expiration of time for seeking direct review of Petitioner's conviction was June 1, 2015 - ninety days after the Michigan Supreme Court denied Petitioner's application for leave to appeal from his direct appeal. Sup. Ct. R. 13(1).

The one-year statute of limitations may be statutorily tolled by a properly filed motion for post-conviction review. 28 U.S.C. § 2244(d)(2). Petitioner filed such a post-conviction review proceeding in the trial court on March 24, 2016. Before Petitioner filed his motion for relief from judgment, 296 days had already elapsed on the limitations period, leaving Petitioner with only seventy days to file his federal habeas petition after the completion of state collateral review.

On July 27, 2018, the Michigan Supreme denied Petitioner's application for leave to appeal. Petitioner's remaining seventy days to file his federal habeas petition lapsed on October 6, 2018. Petitioner signed, dated, and presumably handed his federal habeas petition over for mailing on October 25, 2018, about three weeks after the limitations period expired.

Petitioner does not contest these calculations. Instead, he argues that he is entitled to equitable tolling. A petitioner is entitled to equitable tolling if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal

5

quotation marks omitted). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

The court will accept for purposes of deciding this motion Petitioner's claim that his legal papers were lost when they were removed with his cellmate's belongs on or about May 15, 2018. (ECF No. 14, PageID.976-80.) Petitioner attempted to recover his papers, but his grievances were denied by the Michigan Department of Corrections. (*Id.*) Petitioner also wrote a letter to this court on August 20, 2018, expressing concern about being unable to file a petition and fearing that he would be "procedurally barred for missing the deadline." (ECF No. 14, PageID.981-984.) This was part of his rationale for requesting a stay of proceedings on the date he filed his petition. (ECF No. 3, PageID.27-28, ¶ 6-9.)

Petitioner explains his actions during this time-frame:

> I was under the impression that I could not put forth an effective petition and was reluctant to file an incomplete petition for fear of a preliminary dismissal. Although I had a hard time calculating my deadline, I know it had to be coming soon. On 8/20/18 I wrote the clerk of this court expressing my frustrations and asking to be assigned to a judge so I might have asked for a stay. About 10 days after, I received a packet for a petition of Habeas Corpus with no further instruction along with it. Between the scheduling of the law library (2 days a week) and having the same day on which I could receive help from a Mr. Lyons-Bey, I turned in a deficient petition as quick as practicably possible.

(ECF No. 14, PageID.974-75.)

"The propriety of equitable tolling must necessarily be determined on a case-by-case basis." *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). The loss of a prisoner's legal papers close to a filing deadline along with other circumstances can support a claim for equitable tolling. *See, e.g., Solomon v. United States*, 467 F.3d 928, 931, 934-35 (6th Cir. 2006). In such cases, the court should allow the development of facts relevant to (1) the petitioner's claim that his legal papers were confiscated; (2) that

6

the confiscation prevented him from filing on time; and (3) that he filed his petition within an acceptable time after the confiscation. *Valverde v. Stinson*, 224 F.3d 129, 133-35 (2d Cir. 2000).

Having allowed the better part of ten months of the one-year limitation period to run after completion of direct review, Petitioner had only seventy days remaining on the limitations period when he first filed his state post-conviction review proceeding in the trial court. The fact that Petitioner was already short on time at that point had nothing to do with the loss of his legal papers. Petitioner admits in his pleadings that he knew that the deadline for filing his habeas petition was imminent, though he claims he could not calculate it precisely. (ECF No. 14, PageID.974.) However, Petitioner could have calculated the deadline. He admits he had two-days a week access to the prison law library. (*Id.*, PageID.975.) While there—if he was acting with reasonable diligence—he could have ascertained the date on which the Michigan Supreme Court denied his direct appeal and the date he filed his motion for relief from judgment.

Petitioner did receive notice when his application for leave to appeal from his post-conviction review proceeding was denied by the Michigan Supreme Court on July 27, 2018. When that occurred, Petitioner's legal papers had already been lost for a period of about two months. At that point, Petitioner had already been told by personnel in the property room that they did not "have time for that bullshit" regarding his lost legal papers. (ECF No. 3, PageID.27, ¶ 6.) He had every reason to believe that his legal papers would not be returned to him soon or easily. Nevertheless, Petitioner did know as of July 27 that the Michigan Supreme Court had filed an order denying post-conviction review, and therefore he knew or should have known that the statute of limitations started running

again on July 28. In his words, the deadline for filing his federal petition "had to be coming soon." (ECF No. 14, PageID.974.) In fact, Petitioner had the rest of July, all of August, all of September, and into the first week of October to timely file a habeas petition. Yet Petitioner did not file until October 25. Further, Petitioner did not require his legal papers to prepare his petition to begin with, as proven by the fact that he was able to adequately prepare the current petition without them.

Given that Petitioner knew he was up against the deadline when the Michigan Supreme Court issued its order, and given that he knew the recovery of his legal papers was not imminent, Petitioner did not act with diligence. A habeas petitioner is not entitled to an open-ended period of equitable tolling due to the loss of his legal papers. Once he learns his papers are lost, even through no fault of his own, he must nevertheless act with diligence in preparing and filing his habeas petition without the benefit of his records. *Holland*, 560 U.S. at 649; *Valverde*, 224 F.3d at 134. This is especially true when he knows that time is of the essence.

In sum, while the loss of Petitioner's legal records constituted a challenging circumstance, the facts as alleged by Petitioner do not demonstrate that the loss actually prevented him from filing on time, or that he filed his petition within an acceptable time after the confiscation. *Cf. Gray v. Zatecky*, 865 F.3d 909, 912-13 (7th Cir. 2017) (petitioner not entitled to equitable tolling based on delay in receiving his state records and limited access to the institution's law library where he still had 43 days after he received his records to timely file his federal petition).

Finally, the one-year statute of limitations may also be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*,

513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To prevail under this standard a habeas petitioner must present the court with new, reliable evidence not presented at trial to establish that he is actually innocent of the crime. *Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005). Petitioner has not attempted to present the court with new reliable evidence indicating his actual innocence.

Accordingly, the court will grant Respondent's motion for summary judgment and dismiss the petition. The petition was filed after expiration of the one-year statute of limitations and Petitioner has failed to demonstrate entitlement to equitable tolling.

## IV. CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue: (1) if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The court will grant Petitioner a certificate of appealability. Petitioner's allegations could be interpreted as potentially valid claims for insufficient evidence, ineffective assistance of counsel, shackling in violation of the Due Process Clause, and the use of

9

extra-judicial statements in violation of the Confrontation Clause. *United States v. Dockery*, 42 Fed. App'x. 799, 800 (6th Cir. 2002) (reviewing insufficient evidence to convict); *King v. Westbrooks*, 847 F.3d 788, 795 (6th Cir. 2017) (discussing ineffective assistance of counsel); *Lakin v. Stine*, 431 F.3d 959, 964 (6th Cir. 2005) (articulating factors to consider when shackling a defendant during trial); *Bugh v. Mitchell*, 329 F.3d 496, 507-08 (6th Cir. 2003) (reviewing hearsay objections under Confrontation Clause analysis). Reasonable jurists could also debate whether the court was correct in determining that Petitioner was not entitled to equitable tolling. The court will grant permission to appeal in forma pauperis given that an appeal can be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V. CONCLUSION

Petitioner filed his petition for habeas corpus after the statute of limitations had expired. 28 U.S.C. § 2244(d)(1)(A). Thus, Respondent's motion to dismiss, analyzed as a motion for summary judgment, will be granted. Petitioner is entitled to appeal this ruling and may proceed in forma pauperis. 28 U.S.C. § 2253(c); 28 U.S.C. § 1915(a)(3). Accordingly,

IT IS ORDERED that Respondent's Motion to Dismiss (ECF No. 12) is GRANTED, and the Petition for Writ of Habeas Corpus (ECF No. 1) is DISMISSED.

IT IS FURTHER ORDERED that a certificate of appealability is GRANTED.

Lastly, IT IS ORDERED that permission to appeal in forma pauperis is GRANTED.

        s/Robert H. Cleland      /
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: October 30, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 30, 2019, by electronic and/or ordinary mail.

        s/Lisa Wagner      /
        Case Manager and Deputy Clerk
        (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\18-13387.JONES.HabeasDenied.BHB.RMK.docx